IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY SCHOLTES, | ) | |
| | ) | |
| Petitioner, | ) | No. 13 C 1438 |
| | ) | 09 cr 491 |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

Petitioner Timothy Scholtes has filed a pro se Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255, claiming ineffective assistance of trial counsel. The government opposes petitioner's motion. For the reasons described below, the motion is denied.

## BACKGROUND

In 2009, petitioner was charged in a three-count information for sexual exploitation of a child, in violation of 18 U.S.C. § 2251(a) (Count One); and receiving images of child pornography, in violation of 18 U.S.C. § 2251(a)(2)(A) (Counts Two and Three). At his arraignment, petitioner waived indictment, and the prosecution tendered a draft plea agreement to petitioner's counsel. According to the government, the draft plea agreement set out the statutory penalties for each offense and the anticipated Guidelines calculations. Under the draft plea agreement, the parties were free to recommend any sentence they deemed appropriate.

After several weeks, petitioner and his counsel met with the prosecutor to discuss the possibility of a plea. At the meeting, petitioner also had the opportunity to conduct open file discovery and see the evidence the government intended to offer in its case in chief. The

prosecutor advised petitioner that he needed to make a decision regarding the plea by the next status date or the government would seek additional charges in anticipation of trial.

Eight days later, at the next status hearing, petitioner's counsel indicated that petitioner had not yet reached a decision. After a brief private conversation, petitioner's counsel advised the court that petitioner intended to enter a blind plea. The court recessed and reconvened two hours later for a change of plea. At the change of plea, the court conducted the standard colloquy. Because the plea was a blind plea, the court went through the factual basis of the plea in very specific detail, reviewing the factual basis for each charge and confirming with petitioner that those supporting facts were correct.

Regarding Count One, petitioner agreed that on August 17, 2007, he had transported a 10 year old boy to and from a baseball game, and that while the boy was in his car, petitioner took a picture of the boy's genitals. Petitioner admitted that he downloaded the image into his computer a few days later and printed a copy of the photograph. Regarding Counts Two and Three, petitioner admitted that he received an email that contained a link to a child pornography website and that he followed that link. Petitioner further stated that he entered his personal and credit card information on that website in order to subscribe to it, and that he selected various pornographic images of children to receive. The record demonstrates that petitioner equivocated numerous times and initially denied his guilt on Counts Two and Three, but eventually stated that his reluctance was due to how difficult it was to admit the conduct and not any disagreement with the facts alleged. The court ultimately accepted his plea.

Four months later, after the presentence interview was completed, petitioner moved to substitute counsel, which the court granted, and moved to withdraw his guilty plea, arguing that

he had not understood the elements of the crimes he was charged with or the standard of proof required to prove those elements. The court took briefing, held a hearing, and ultimately denied the motion. Petitioner was subsequently sentenced to the statutory maximum of 30 years on Count One, and consecutive ten-year sentences on Counts Two and Three.

Petitioner appealed his sentence, and his appellate counsel moved to withdraw based on <u>Anders v. California</u>, 386 U.S. 738 (1967). The Seventh Circuit granted counsel's motion and denied petitioner's appeal. The appellate court specifically affirmed that petitioner's plea was voluntary and not coerced by threats from his counsel or the government, and that petitioner was competent to plead at the change of plea proceeding.

Petitioner now files a § 2255 motion, arguing that his initial counsel, Steven Komie, was ineffective. Petitioner cites eight grounds supporting his claim of ineffective assistance of counsel: (1) failure to apprise petitioner of the existence of a plea agreement and its benefits; (2) failure to request a mental examination prior to plea; (3) failure to prepare for the change of plea hearing; (4) withholding discovery from petitioner; (5) failure to consult with petitioner; (6) failure to do any pretrial investigation; (7) failure to challenge the search warrant; and (8) failure to challenge the arrest warrant.

For the reasons described below, the court denies petitioner's motion.

# LEGAL STANDARD

## A. § 2255 Petitions

Section 2255 allows a person convicted of a federal crime to seek to vacate, set aside, or correct his sentence. This relief is available only in limited circumstances, such as where an error is jurisdictional, constitutional, or there has been a "complete miscarriage of justice." See Harris v. United States, 366 F.3d 593, 594 (7th Cir. 2004); Bischel v. United States, 32 F.3d 259, 263 (7th Cir. 1994) (internal quotations and citations omitted). The record is reviewed and all reasonable inferences are drawn in favor of the government. See United States v. Galati, 230 F.3d 254, 258 (7th Cir. 2000); Messinger v. United States, 872 F.2d 217, 219 (7th Cir. 1989).

Section 2255 petitions are subject to various bars, including procedural default. The Seventh Circuit has noted that § 2255 petitions are "'neither a recapitulation of nor a substitute for a direct appeal.'" McCleese v. United States, 75 F.3d 1174, 1177 (7th Cir. 1996) (citations omitted). Therefore, a § 2255 motion cannot raise: (1) issues that were raised on direct appeal, unless there is a showing of changed circumstances; (2) non-constitutional issues that could have been raised on direct appeal, but were not; and (3) constitutional issues that were not raised on direct appeal. See Belford v. United States, 975 F.2d 310, 313 (7th Cir. 1992) (overruled on other grounds by Castellanos v. United States, 26 F.3d 717 (7th Cir. 1994)). An ineffective assistance of counsel claim may be brought in a § 2255 motion regardless of whether the claim was raised on appeal. Massaro v. United States, 538 U.S. 500, 504, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003).

B.  **Ineffective Assistance of Counsel**

To prevail on his claim of ineffective assistance of counsel, petitioner must show that his counsel's conduct "fell below an objective standard of reasonableness" and "outside the wide range of professionally competent assistance." Strickland v. Washington, 466 U.S. 668, 690, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To succeed on a § 2255 petition, petitioner's counsel's errors must be so serious "as to deprive the [petitioner] of a fair trial, a trial whose result is reliable." Lockhart v. Fretwell, 506 U.S. 364, 369-70, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993) (quoting Strickland, 466 U.S. at 687). In other words, petitioner "must show that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Benefiel v. Davis, 357 F.3d 655, 662 (7th Cir. 2004) (quoting Strickland, 466 U.S. at 694).

Because the court begins with a strong presumption that counsel's conduct falls within the wide range of acceptable professional assistance, petitioner faces a heavy burden in making out a winning ineffective assistance of counsel claim. See Strickland, 466 U.S. at 690; United States v. Ruzzona, 247 F.3d 688, 696 (7th Cir. 2001).

## DISCUSSION

I.  **Grounds One Through Six: Ineffective Assistance in Connection with Guilty Plea**

Petitioner's first six arguments concern his counsel's actions in advance of the change of plea and at the time of the plea. Petitioner's first argument is that his counsel was ineffective because he failed to advise petitioner of the existence of a plea agreement and the benefits the agreement could confer. Petitioner argues that, because no rational person would plead guilty to

5

a crime carrying a higher sentence or more charges than are contained in a proposed plea agreement, he was either not competent to plead at the time of his blind guilty plea or unaware of the proffered plea agreement.

Petitioner's first argument is flawed for a number of reasons. This court has addressed the issue of petitioner's competence to plead guilty multiple times: at the change of plea itself; upon petitioner's motion to withdraw his plea; and at petitioner's sentencing hearing. The record demonstrates that petitioner was competent at the time of his change of plea and voluntarily entered a plea of guilty to all charges. The court, for the fourth time, finds that petitioner's plea was voluntary and petitioner was competent to plead.

The second "possibility" raised by petitioner in Ground One is that he was not apprised of the benefits "or perhaps even the existence of" a plea agreement. This argument is also flawed. Petitioner's equivocation on whether he knew of the existence of the plea agreement calls his alleged ignorance into doubt  Additionally, the record reflects that petitioner was at the meeting with counsel and the prosecutor where the plea and the government's evidence was discussed. Petitioner was also present at the status hearing preceding the change of plea where defense counsel and the prosecutor each referred to the draft plea agreement. Petitioner cannot credibly argue that he was unaware of the draft plea agreement.

Petitioner then makes the alternative argument that he was unaware of the benefits of a plea agreement. As the government points out, however, there is no indication that petitioner has been prejudiced by entering a blind plea instead of entering into the proposed plea agreement. Under the terms of the proffered agreement, petitioner would have pled guilty to all three counts

6

of the information, petitioner was to waive all appellate and most collateral attack rights, and each party would have been free to recommend any sentence that party deemed appropriate.

Petitioner must demonstrate that he was prejudiced by counsel's alleged failure to explain any benefits of a plea agreement as opposed to a blind plea. See Missouri v. Frye, 132 S. Ct. 1399, 1409, 182 L. Ed. 2d 379 (2012) ("To establish prejudice in this instance, it is necessary to show a reasonable probability that the end result of the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time."). The government is not required to offer any defendant a plea agreement, and did not have to present petitioner with terms more favorable than are available in a blind plea. In the instant case, petitioner could not have benefitted from a plea agreement as opposed to a blind plea because no benefits were offered in the agreement. Because petitioner has not demonstrated that he was prejudiced in any way, the court rejects his argument that counsel's alleged failure to describe any benefits of a plea agreement constituted ineffective assistance of counsel.[1]

Petitioner next argues in Ground Two that counsel was ineffective because he failed to request a mental examination for petitioner prior to the entry of a guilty plea. Petitioner claims that no rational person would plead guilty to a crime he did not commit and proceeds to examine the reasons people give false confessions, according to various articles published in Prison Legal News and USA Today. He then alleges that the court "interrogated" him at the change of plea hearing until it "got the answers it want[ed]." Petitioner points out the various times he equivocated at the change of plea hearing and alleges that it is obvious that he was giving a false

---

[1]Petitioner has also filed a motion for discovery regarding the government's practices in offering plea agreements without benefit (Doc. 17). The court denies this request because petitioner is not entitled to such discovery.

confession. He also argues that the record reflects defense counsel and the court's concerns that petitioner receive mental health treatment while in custody, which he alleges reflects a belief that petitioner was not mentally stable at the time of the change of plea.

As discussed above, petitioner has not demonstrated that his attorney's behavior in advance of the change of plea fell below an objective standard of reasonableness because petitioner's statements under oath reflect his competence to plead. Petitioner affirmed to the court that he had never been under the care of a mental health provider and his exchanges with the court indicate his competence to understand the proceedings. The record does not reflect an "interrogation," but rather an extended, careful colloquy to determine petitioner's intentions. As the record reflects, petitioner admitted that he was having a hard time admitting his conduct and dealing with the charges. The court and defense counsel both commented on their belief that petitioner should receive mental health treatment while incarcerated, but these statements in no way demonstrate a belief that petitioner was incompetent to plead.[2] There is no evidence to suggest that petitioner was incompetent to plead guilty or that his counsel's behavior in failing to seek a mental health evaluation prior to plea fell below an objective standard of reasonableness. The court therefore rejects petitioner's second ground of ineffective assistance of counsel.

Petitioner next argues in Ground Three that counsel was ineffective because he was unprepared for the change of plea proceeding.[3] Petitioner attempts to recount the conversation

---

[2] The standard for competency is whether "the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(d).

[3] The court notes that this argument overlaps with petitioner's claims that counsel did not visit him in prison and did not conduct a pretrial investigation.

he allegedly had with counsel prior to pleading guilty, and alleges that counsel "scared" him into a blind plea.

The record demonstrates that the court questioned petitioner about his satisfaction with counsels' aid and advice in his case. Petitioner stated under oath that he had seen his lawyer only several times, but that he felt no need for further discussions with his counsel. Upon additional questioning by the court, petitioner indicated that he was satisfied with the advice counsel had given him. Petitioner's statements at the change of plea proceeding are entitled to a "presumption of verity." United States v. Winston, 34 F.3d 574, 578 (7th Cir.1994); United States v. Gwiazdzinski, 141 F.3d 784, 788 (7th Cir. 1998). The issue of petitioner's satisfaction with his counsel was also raised at the hearing on the motion to withdraw petitioner's guilty plea, and the court rejected petitioner's claim that his guilty plea was involuntary.

Even if the court were to find that Mr. Komie's actions were deficient, petitioner must still demonstrate prejudice resulting from his guilty plea by showing that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhard, 474 U.S. 52, 59 (1985). As an initial matter, petitioner has never disputed his guilt as to Count One of the information. His proffered defenses and claims of innocence all go to Counts Two and Three. Petitioner has not demonstrated that had counsel spent more time educating petitioner about the plea process, he would not have entered into the plea agreement. Again, the record reflects a competent and

voluntary guilty plea by petitioner to the specific facts alleged in the information. The court therefore rejects petitioner's argument advanced in Ground Three.[4]

Petitioner next argues in Ground Four that counsel was ineffective because he withheld discovery from petitioner. Petitioner alleges that there was "evidence" that accompanied his presentence report that had not been disclosed to him during the open file discovery meeting with counsel and the government. Petitioner's initial motion does not specify the evidence to which he refers. The government response posits that the evidence was tapes of victim children discussed at the sentencing hearing. Petitioner's reply clarifies that the evidence to which he refers is a police report from the Coal City Police Department. Petitioner alleges that he could not make a knowing and voluntary guilty plea without having seen all the evidence against him.

Petitioner does not claim that he would not have entered his guilty plea if he had known of the existence of this "evidence," nor that the "evidence" would have bolstered a defense at trial; he simply asks rhetorically how a plea can be voluntary without disclosure of this evidence. As noted above, it is the petitioner's burden to demonstrate how any alleged deficient performance by counsel resulted in prejudice. Because plaintiff has not shown that the alleged failure to provide the evidence resulted in any prejudice, the court rejects this claim of ineffective assistance of counsel.

Petitioner's next argument is similar to the one advanced in Ground Three. In Ground Five petitioner argues that counsel was ineffective because he did not spend enough time talking

---

[4]In fact, the record reflects that had petitioner not chosen to enter a guilty plea, the government would have proceeded by indictment and added additional offenses. It therefore appears likely that petitioner benefitted from entering a guilty plea instead of proceeding to trial.

with petitioner and explaining the charges and evidence prior to the change of plea. Petitioner claims that he has been prejudiced by counsel's failure to meet with him while he was incarcerated, but does not allege that he would not have entered a guilty plea if counsel had spent more time with him explaining the charges. As noted above, at the change of plea hearing, petitioner represented to the court, under oath, that there was nothing further that he needed to discuss with counsel, that he had discussed the charges with counsel, and that he was satisfied with counsel's advice. These answers under oath are entitled to a presumption of truthfulness. Once again, petitioner has failed to demonstrate that but for counsel's alleged error, he would have proceeded to trial and obtained a more favorable result.

Petitioner also alleges in Ground Six that counsel was ineffective for failing to do any pretrial investigation. Petitioner claims that his computer was hacked and that his credit card information was stolen, and that someone used the stolen credit card to purchase a subscription to the website with pornographic images and downloaded them to his computer. He claims that pretrial investigation into the stolen credit card would have demonstrated his innocence on Counts Two and Three.

Although a failure to conduct pretrial investigation may constitute ineffective assistance of counsel, U.S. ex rel. Hampton v. Leibach, 347 F.3d 219, 247–48 (7th Cir. 2003), petitioner has not demonstrated any prejudice that resulted from the alleged error. At the change of plea, petitioner raised the defenses he now argues: that his identity was stolen, that his credit card was compromised, and that someone "was on [his] computer." The court then refused to take petitioner's plea. When petitioner indicated he wanted to continue with the plea, the court questioned petitioner on each of the facts that supported the plea to Counts Two and Three. In

11

his own words, while under oath, petitioner stated that he had clicked a link to a child pornography website, purchased a subscription, and selected images for delivery to his computer. These statements contradict his earlier claims that he did not purposefully access the website and contradict petitioner's current claims that pretrial investigation would have revealed his innocence. Further, at the hearing on the motion to withdraw petitioner's guilty plea, the court concluded that petitioner's plea was voluntarily made and truthful. Petitioner has not demonstrated that any additional pretrial investigation would have changed that finding  The court was sufficiently convinced during the change of plea proceedings that petitioner voluntarily admitted his guilt to the charges, and remained convinced of the same at the hearing on the motion to withdraw the guilty plea. Because nothing has been offered to negate those findings, the court rejects petitioner's claim of ineffective assistance of counsel articulated in Ground Six.

## II.    Ground Seven

Petitioner next claims that counsel was ineffective for failing to challenge the search warrant executed on his home. Petitioner claims that the search warrant was defective because it was not signed by the investigating agent, and because it was not supported by probable cause. Regarding the first argument, petitioner is mistaken: the original search warrant is signed by the investigating officer. Regarding the second argument, petitioner must demonstrate that he would have prevailed on a motion to suppress the search warrant and that the exclusion of the evidence would have effected the outcome of a trial in order to show ineffective assistance of counsel. Kimmelman v. Morrison, 477 U.S. 365, 375, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986).

Petitioner argues that counsel could have demonstrated that the search warrant was not supported by probable cause by: (1) investigating the statement by a woman that petitioner had questioned her son about touching him; (2) investigating the allegedly fraudulent charges on petitioner's credit card; and (3) investigating petitioner's claim that his computer had been hacked.

Petitioner's argument misapprehends the probable cause standard for a warrant application. The information contained in the agent's affidavit disclosed the evidence indicating that petitioner had purchased access to a child pornography website and subsequently downloaded images. This evidence was sufficient to establish probable cause. Petitioner's potential defenses and explanations for the evidence presented would not invalidate the search warrant. Those claims could be presented and argued at trial, but they are not sufficient to demonstrate that the warrant was not supported by probable cause.

### III. Ground Eight

Petitioner claims that counsel was ineffective by failing to challenge the arrest warrant. Petitioner claims that he was kidnaped by federal authorities while in state custody. In response, the government states that the warrant was properly issued by a federal magistrate judge and complied with the requirements of Fed. R. Crim. Pro. 4. The record demonstrates that petitioner was properly taken into federal custody. Petitioner therefore cannot demonstrate that counsel was ineffective for failing to challenge the valid arrest warrant, and cannot show that he suffered any prejudice. The court therefore rejects petitioner's eighth ground for ineffective assistance of counsel.

## **CONCLUSION**

For the reasons described above, the court denies petitioner's motion to vacate his sentence.

**ENTER:** **October 15, 2013**

_____
**Robert W. Gettleman**
**United States District Judge**